1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEROY CARR,                                No.  2:14-cv-2110 JAM CKD P

12                   Plaintiff,

13        v.                                    ORDER

14   FEDERAL BUREAU OF PRISONS, et al.,

15                   Defendants.

16

17        Plaintiff is a federal prisoner proceeding pro se.  This action proceeds on the amended

18   complaint filed December 29, 2014.  (ECF No. 14.)  Plaintiff seeks relief under the Federal Tort

19   Claims Act (FTCA), Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and 42 U.S.C.

20   § 1983. [1]

21        Plaintiff's allegations concern a knee injury he sustained while housed at the Herlong

22   Federal Correctional Institution (Herlong-FCI).  (Id.)  He alleges that in March 2013 he tore a

23   tendon in his knee and did not receive the necessary treatment – surgery – for more than six

24   months.  (Id.)  During that period and after surgery, he was not given adequate pain medication or

25   physical therapy.  (Id.)

26   /////

27

28   _____
     [1] Section 1983 applies to state action, not federal.

1

I.  <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

I.  <u>Bivens Claims</u>

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  <u>Estelle v. Gamble</u>, 429 U.S.

97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, for screening purposes, the complaint alleges an Eighth Amendment claim against defendant Dr. Giron, who examined plaintiff after he tore his tendon, prescribed him Ibuprofen, and did not diagnose plaintiff's condition as "acute or emergent." (ECF No. 14 at 7, 9-10.)

Plaintiff fails to state a medical indifference claim as to any other defendant, as there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation.  See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Plaintiff fails to causally link these defendants to acts which caused a constitutional injury.  Thus all defendants except Giron should be dismissed.

II.  FTCA Claims

Plaintiff names the United States of America as a defendant under the Federal Tort Claims Act.  The FTCA provides for recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment.  28 U.S.C. §§ 1346(b), 2674.

Under the doctrine of sovereign immunity, actions against the United States may not be maintained except by its express consent.  United States v. Testan, 424 U.S. 392, 400.  Although Congress has consented to suits against the United States under the FTCA, prior to litigating a tort claim against the United States, a plaintiff must first file an administrative claim with the appropriate federal agency.  28 U.S.C. § 2675(a).  Presentation of an FTCA claim must be made within two years of the accrual of the claimant's cause of action.  28 U.S.C. § 2401(b).  A claim is

1  deemed "presented" to the federal agency upon its receipt.  See 28 C.F.R. § 14.2(a); Vacek v.

2  U.S. Postal Service, 447 F.3d 1248, 1249 (9th Cir. 2006) (mailbox rule does not apply to FTCA

3  cases).  A civil action may not be instituted until an administrative claim has "been finally denied

4  by the agency in writing and sent by certified or registered mail."  Id.  The administrative claim

5  requirement under the FTCA is jurisdictional and cannot be waived.  Cadwalder v. United States,

6  45 F.3d 297, 300 (9th Cir. 1995).  In addition, courts are required to strictly construe the

7  exhaustion requirement.  Vacek, 447 F.3d at 1250; see id. (where exhaustion conditions not

8  satisfied, action may not proceed "merely because dismissal would visit a harsh result upon the

9  plaintiff").

10        Here, plaintiff fails to allege that he presented an FTCA claim within two years of the

11  incident giving rise to his claims.   As the complaint does not satisfy the FTCA's claim

12  presentation requirements, plaintiff's federal tort claims should be dismissed.

13  VI.  Leave to Amend

14        Plaintiff will be given 30 days from the date of service of this order to amend his

15  complaint to cure the deficiencies set forth above.  Plaintiff is not required to file an amended

16  complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-

17  mentioned defendants and causes of action with prejudice.

18        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

19  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20  complaint be complete in itself without reference to any prior pleading.  This is because, as a

21  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

23  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25        In accordance with the above, IT IS HEREBY ORDERED that:

26        1.  Plaintiff's claims against all defendants except Leonardo Giron are dismissed with

27  leave to amend;

28  /////

4

2. If plaintiff elects to amend, any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

3.  If plaintiff elects to amend, the Amended Complaint shall be filed no more than thirty days from the date of this order; and

4.  Upon the filing of an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated:  January 8, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / carr2110.screen

5