UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY CARR, | No. 2:14-cv-2110 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| FEDERAL BUREAU OF PRISONS, et al., | |
| Defendants. | |

    Plaintiff is a federal prisoner proceeding pro se and in forma pauperis.  This action proceeds on the amended complaint filed January 26, 2015.  (ECF No. 16.)

    Plaintiff's complaint asserts claims under <u>Bivens</u> and the Federal Tort Claims Act ("FTCA").  (<u>Id.</u>)  Plaintiff names four individual defendants – three federal prison employees and one outside physician – and, as the fifth defendant, the United States of America.[1]  (<u>Id.</u> at 2.)  Plaintiff claims he did not receive adequate medical care after tearing a tendon in his knee in March 2013.  (<u>Id.</u>)

    In the February 23, 2015 screening order, the magistrate judge determined that this

---

[1] <u>See</u> <u>FDIC v. Craft</u>, 157 F.3d 697, 706 (9th Cir. 1998) (holding the United States is the only proper defendant in a suit brought pursuant to the FTCA).

1

complaint stated a Bivens[2] claim as to defendant Giron. (ECF No. 17.) The magistrate judge continued: "As to the remaining defendants, the amended complaint fails to cure the deficiencies of the original complaint, as discussed in the previous screening order. . . . Thus the undersigned will recommend that these defendants be dismissed." (ECF No. 17.) The district court adopted these findings and recommendations and dismissed all defendants except Giron with prejudice. (ECF No. 19.)

However, the magistrate judge overlooked that the amended complaint did cure one deficiency of the previous complaint: Unlike the previous complaint, it alleged that plaintiff presented his FTCA claim within two years of the incident giving rise to his claim. (ECF No. 16 at 4; see ECF No. 15 at 4 (screening out previous iteration of FTCA claim for failure to satisfy FTCA's presentation requirements)). Plaintiff has brought this oversight to the court's attention in a request for judicial notice, which the court construes as a request to reconsider its March 23, 2015 ruling. (ECF No. 42.)

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. at 1263. Here, the court committed clear error in screening out plaintiff's FTCA claim for failure to allege that the presentation requirements had been met. Thus the March 23, 2015 order will be vacated and the January 26, 2015 complaint re-screened.

Also, as defendant Giron's pending motion to dismiss (ECF No. 35) is premised on the dismissal of plaintiff's FTCA claim in the March 23, 2015 order, that motion will be denied without prejudice to renewal after the amended complaint is re-screened.

////

---

[2] Under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), individual federal employees may be subject to suit for violating a plaintiff's constitutional rights.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration of the March 23, 2015 ruling (ECF No. 42) is granted;

2. The March 23, 2015 order is vacated;

3. The magistrate judge is directed to re-screen the amended complaint filed January 26, 2015; and

4. Defendant Giron's motion to dismiss (ECF No. 35) is denied without prejudice to renewal.

DATED: April 8, 2016

/s/ John A. Mendez_____
UNITED STATES DISTRICT COURT JUDGE